FILED
NOV 17 2008

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ABRAHAM STANFORD, JR., | * | CR. 03-40079 |
| | * | CIV 08-4114 |
| Petitioner, | * | |
| | * | |
| -vs- | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Abraham Stanford, Jr., pursuant to 28 U.S.C. § 2255, has filed a second motion to vacate, set aside or correct the sentence imposed upon him in CR 03-40079. Doc. 47. Petitioner has also filed a supplement to his motion. Doc. 52. For the reasons set forth below, this second motion to vacate, set aside or correct the sentence is denied.

## BACKGROUND

Stanford was charged in a one-count Indictment with violating 18 U.S.C. § 922(g)(1) for knowingly possessing a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year. After pleading guilty to this offense Stanford was sentenced on January 27, 2004, to 37 months of imprisonment. In July of 2004 Stanford filed a motion to vacate, set aside or correct the sentence in CIV. 04-4106. In this motion Stanford alleged that his counsel was ineffective for failing to advise him that the underlying felonies in the knowing possession charge were invalid and for failing to raise Sentencing Guidelines Objections. This Court denied the motion to vacate, set aside or correct the sentence, and also declined to issue a Certificate of Appealability in CIV. 04-4106.

In May of 2007 a Petition to Revoke Stanford's Supervised Release (Doc. 34) was filed for Stanford's failure to abide by the terms and conditions of supervised release. Stanford was arrested on May 5, 2008. On July 14, 2008, this Court revoked Stanford's supervised release and sentenced him to six months of incarceration. Doc. 49. Stanford then filed his second motion to vacate, set aside or correct sentence. Doc. 47.

In his second motion to vacate, set aside or correct sentence, Stanford raises the same issue

regarding the allegedly invalid underlying felonies in the knowing possession charge, and also raises a new search and seizure issue. In addition, Stanford complains about the treatment he has received from his attorneys and from the legal system as a whole.

## DISCUSSION

A 1-year period of limitation applies to a motion vacate, set aside or correct sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). The period of limitation has long expired in this case. Further, if the legality of a petitioner's detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, and before a second or successive application permitted is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(3)(A). 28 U.S.C. § 2255 (h) provides that a second or successive motion must be certified to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Stanford has not provided the certification required under 28 U.S.C. § 2255(h) to file a second or successive motion to vacate, and the allegations in the pleadings on file would not support such a certification. Accordingly,

> IT IS HEREBY ORDERED that Stanford's second motion to vacate, set aside or correct the sentence imposed upon him in CR 03-40079 (Doc. 47) is denied.

Dated this 15th day of November, 2008.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)        DEPUTY

2